UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUNTER J CHURCH, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>J RITTER LAW P.C., FEDCHEX RECOVERY, LLC, JONATHAN RITTER, ESQ., and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 3:23-cv-01709-RLS<br><br>**ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT** |

**THIS MATTER** having come before the Honorable Rukhsanah L. Singh, U.S.M.J., at a Fairness Hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Class Counsel's application for an award of attorneys' fees and costs, and to consider the service awards to the Plaintiff; and the Plaintiff and Settlement Class Members being represented by Class Counsel and Defendant being represented by its respective attorneys;

**AND THE COURT,** having read and considered the parties' Settlement Agreement and all the papers appurtenant thereto submitted by the parties and filed by Class Counsel, having reviewed and considered Plaintiff's brief and the declarations submitted in support of the application, the oral arguments of counsel

presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. On January 6, 2025, the Court preliminary approved the class settlement in this action where Plaintiff alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* by threatening to add interest to New Jersey consumers when the creditor of the account ceased assessing interest.

2. Defendants deny Plaintiff's claims that they violated the FDCPA. Specifically, it is Defendants' position that they did not engage in any violation of law or other wrongdoing or otherwise liable under the FDCPA.

3. On December 18, 2023, the Parties appeared before the Honorable Rukhsanah L. Singh, U.S.M.J. for a Settlement Conference, where the Parties settled in principle on a class-wide basis but had to continue their discussions to finalize the terms.

4. After discovery and arms-length settlement negotiations, on May 7, 2024, the Parties finalized the terms to settle the case on a class basis.

5. In October 2024, the Parties executed a written agreement memorializing the terms of the negotiated settlement.

6. The Court certified the settlement class for settlement purposes, appointed a Settlement Administrator, approved Plaintiff as the Class

Representative, and appointed Yongmoon Kim, and Philip D. Stern, and Mark Jensen, of the Kim Law Firm LLC as Class Counsel.

7. The Settlement Class was defined in the Settlement Agreement as:

> All natural persons to whom a letter was mailed which was dated on or after February 19, 2022 and was in form of either Exhibit A or Exhibit B to the Complaint.

8. Defendant FedChex served notices of the proposed settlement to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) (Pub. L. No. 109-2, 119 Stat. 4).

9. The Settlement Class database provided by Defendant to the Settlement Administrator ultimately included 2,698 unique individuals, excluding Plaintiff. Notices were mailed to those 2,698 members of the Settlement Class.

10. The Settlement Administrator has reported to the Court that: the mailing was generally successful; that no Settlement Class Member has raised an objection to the settlement; and that no Settlement Class Members requested to be excluded from the Settlement Class.

11. The Court has not received any objections to the settlement.

12. Plaintiff now requests final approval of the settlement.

13. The Court has considered the Settlement Agreement, the Brief and Declarations submitted in support of it, the accompanying documents, and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

14. The Court has jurisdiction over the subject matter of this matter and over all parties hereto.

15. The application for Final Approval of the proposed settlement is GRANTED and the parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement, and as set forth in this Order.

16. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement, filed as Exhibit A to the Kim Declaration, is fundamentally fair, reasonable, and adequate, and is in the best interests of the Settlement Class Members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class Members. No finding of wrongdoing or liability has been made against Defendants.

17. As set forth in Section II, ¶ 3.1 of the Settlement Agreement, Defendants agree to pay $5,000 ("Class Fund") to the Settlement Class to be distributed in equal shares to the Remaining Class Members within seven (7) days from the date this Order is entered.

18. Within fourteen (14) days of the date of this Order, the Settlement Administrator shall mail each Settlement Class Member their check according to the formula and process set forth in Section II, ¶ 5.3 of the Settlement Agreement.

19. As set forth in paragraph 1.25 of the Settlement Agreement, funds from uncashed checks shall first be paid to the Settlement Administrator's costs and any remainder be paid as a *cy pres* award to the Northeast New Jersey Legal Services, Inc., at 574 Summit Ave., 2nd Floor, Jersey City, NJ 07306.

20. For efforts on behalf of the Class and to settle individual claims, Defendants shall pay $3,500 to Plaintiff Hunter J. Church in the manner set forth in Section II, ¶ 2.2 of the Settlement Agreement within fourteen (14) days of the date of this Order.

21. Upon entry of this Order and final approval of the settlement, Plaintiff and each member of the Settlement Class who has not been excluded will release Defendant as follows:

> *Class Release*: The Final Approval Order shall provide that, as of the date of the Preliminary Approval Order, the Remaining Class Members shall have released the Class Claims.
>
> *Plaintiff's Release*: The Final Approval Order shall provide that, as of the Preliminary Approval Order, Plaintiff shall have released all claims which Plaintiff may have against anyone which arises from any Ritter Defendant's attempt to collect any debt described in the letter dated February 22, 2022, a copy of which is attached to the Complaint filed on February 21, 2023.

22. Defendant shall pay Class Counsel's fees and costs in the amount of $ 97,364.28 , which payment includes costs and expenses (excluding the expenses of the Settlement Administrator), and time already spent.

However, this does not include time spent monitoring of the settlement. This amount does not include any time, if necessary, to enforce any breach of the Settlement Agreement or for any appeals. The fees are in addition to the settlement benefits each Settlement Class Member will be receiving and are the sole property of Class Counsel, not Plaintiff or the Settlement Class. The Court finds that Class Counsel's rates and this award to be fair and reasonable. Pursuant to the Settlement Agreement, this payment shall be made within fourteen (14) days of the date of this Order in the manner set forth in the Settlement Agreement.

23. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

24. This Action against the Defendants is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction over the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated: March 25, 2025

HONORABLE RUKHSANAH L. SINGH,
UNITED STATES MAGISTRATE JUDGE